## Commonwealth v. Miller

*Herman M. Rodgers*, for plaintiff.

*William J. Joyce*, for defendants.

STRANAHAN, J., October 10, 1967.—This matter is before the court on an appeal by defendants from judgments of conviction entered against them and a fine of $200 and costs, imposed upon them for violation of Stoneboro Borough Ordinance No. 249. Defendants petitioned the court, asking for special allowance by the court to appeal this conviction and, the court having granted the permission to appeal, this matter is now before the court for disposition.

The Borough of Stoneboro is located in Mercer County, covers a general area of approximately 2.10 square miles, and contains a population of 1,276 people as of 1960. The borough is somewhat unusual in that the geographical area covered by it is extremely large for the number of people that populate the borough. As a result of this, there are portions of the borough which are sparsely populated and quite rural in nature.

The borough enacted an ordinance on April 14, 1958, which prohibits strip mining of coal within the limits of the Borough of Stoneboro.

Defendant, Miller and McKnight Coal Company, had received authorization, in the form of permits granted by the Sanitary Water Board and the Department of Mines and Mineral Industries of the Commonwealth of Pennsylvania, to conduct stripping operations in the Borough of Stoneboro.

The area to be stripped is located in the southeast corner of the borough and in an area that contains few dwellings. As the result of the stripping operation conducted by defendant, Elliott E. McClearn, Mayor of the Borough of Stoneboro, filed complaints, on July

25, 1967, against Miller and McKnight Coal Company and Charles F. Miller, charging violation of the ordinance. The complaints were consolidated and heard by a justice of the peace, who found defendants guilty.

Defendants raise a number of questions concerning the validity of the ordinance, contending, among other things, that the borough has no power to enact an ordinance unless there is an enabling statute, and, since there is no enabling statute authorizing boroughs to prohibit strip mining, the ordinance is, therefore, invalid. Defendant also argues that the regulation of strip mining has been preempted by the Commonwealth of Pennsylvania, and, therefore, boroughs no longer have authority to regulate strip mining. Both of these arguments have merit to them, but there is another reason why this ordinance must be declared invalid which is even more compelling than those enumerated above.

This reason is that the ordinance constitutes a taking of property without due process of law and without compensation and, therefore, is in violation of the Fourteenth Amendment of the Federal Constitution.

Coal is a natural resource capable of separate ownership from the surface. It comprises the third estate in the land: Smith v. Glen Alden Coal Company, 347 Pa. 290. The mining of coal is a lawful activity which, while subject to reasonable regulation, as are other lawful activities, cannot be prohibited.

In Pennsylvania Coal Company v. Mahon, 260 U. S. 393, 43 S. Ct. 158, the Supreme Court of the United States, reversing the Supreme Court of Pennsylvania, held that a statute forbidding the mining of coal under private dwellings, or in streets or cities, in places where the right to mine such coal is reserved in the grant, is unconstitutional, as taking property without due process.

Among other things, the court, in commenting on the right to prohibit mining of coal as an exercise of the police power, stated the following at page 414:

"It is our opinion that the act cannot be sustained as an exercise of the police power, so far as it affects the mining of coal under streets or cities in places where the right to mine such coal has been reserved. As said in a Pennsylvania case, 'For practical purposes, the right to coal consists in the right to mine it.' . . . What makes the right to mine coal valuable is that it can be exercised with profit. To make it commercially impracticable to mine certain coal has very nearly the same effect for constitutional purposes as appropriating or destroying it. This we think that we are warranted in assuming that the statute does".

This language is applicable to the present situation, for the ordinance enacted by the Borough of Stoneboro, in effect, amounts to the taking of property without due process, and, therefore, it is obviously unconstitutional. For this reason, we must declare the ordinance invalid and the appeals of defendants must be sustained. The costs in this matter are placed on the Borough of Stoneboro.

### ORDER

And now, October 10, 1967, Ordinance No. 249 of the Borough of Stoneboro is declared invalid, and the appeals of defendants, Charles F. Miller and Miller and McKnight Coal Company, are sustained, and the costs in this matter are placed on the Borough of Stoneboro.